## Norfolk

### TERRY RENARD MAYO

v.

### COMMONWEALTH OF VIRGINIA

No. 0614-88-1

Decided May 15, 1990

336

COUNSEL

David W. Bouchard (Bouchard & Smith, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—The appellant, Terry Renard Mayo, was convicted by a jury of rape, robbery, and abduction with the intent to defile. On appeal, he raises the following questions: (1) whether the trial court erred in allowing a police officer to testify that after he gave the appellant his Miranda warnings, the appellant said he did not have anything to say and further stated "I don't know what you're talking about;" and (2) whether the trial court abused its discretion by failing to replace a juror who allegedly had fallen asleep. Upon review, we find no error and affirm the convictions.

Following a sidebar conference at trial, during which Mayo's objection to Officer Pierce's anticipated testimony was overruled,[1] the officer testified that after he read him his rights, Mayo signed a card acknowledging that he understood them. Officer Pierce testified that after he told Mayo why he was there and read him his rights, Mayo said that he did not have anything to say and said, "I don't know what you're talking about." Relying on *Doyle v. Ohio*, 426 U.S. 610 (1976), and *Schrum v. Commonwealth*, 219 Va. 204, 246 S.E.2d 893 (1978), Mayo argues that the trial court improperly permitted his silence to be used against him when it admitted this statement. We disagree. Mayo's statement was not an invocation of his right to remain silent. It was a denial and an assertion of his inability to respond. *See Taylor v. Riddle*, 563 F.2d 133, 137 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978) (Defendant's response that "[Y]ou've done asked me a question I can't answer" was held to be an expression of his inability to respond rather than an exercise of his right to remain silent.) Mayo, having broken silence after being advised of his *Miranda* rights, his statement was admissible. *See Anderson v. Charles*, 447 U.S. 404 (1980); *Squire v. Commonwealth*, 222 Va.

---

[1] Later, the trial court allowed defense counsel to state his objection for the record. Defense counsel objected to the admission of Mayo's short statement because it was "merely an assertion by him of his rights not to speak at all."

633, 283 S.E.2d 201 (1981). Furthermore, even if Mayo invoked his right to remain silent by stating that he had nothing to say, his second statement was voluntary and was not in response to interrogation. *See Miranda v. Arizona,* 384 U.S. 436 (1966).

Mayo also contends that the trial court's failure to remove a juror who allegedly was sleeping and to replace him with an alternate juror constituted an abuse of discretion and violated his right to a fair and competent jury. At the conclusion of the evidence, defense counsel requested the court to discharge for cause a juror who allegedly was sleeping. The record reveals that during the Commonwealth's direct examination of its forensic serologist, the trial court *sua sponte* admonished the jury as follows: "Be sure everybody has got their eyes open. If you don't have your eyes open, I don't know whether you're listening or not. So please be sure you have your eyes open." Later, the prosecutor made a joking remark about a man on the jury, who Mayo asserts was the sleeping juror. Mayo did not request that the juror be removed at the time when he allegedly was sleeping. Thus, his objection was not timely. Furthermore, we cannot conclude from the record that the juror was, in fact, asleep or that the court abused its discretion in failing to remove him. The record reflects that the court did not agree with defense counsel's observations that the juror appeared to be asleep during most of the trial. Defense counsel conceded at oral argument that just because a juror's eyes were closed did not mean that the juror was inattentive.

For the foregoing reasons, we affirm the ruling of the trial court.

*Affirmed.*

Baker, J., and Barrow, J., concurred.